IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CLAUDE OWEN WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:20CV13–HEH |
| | ) |
| WILLIAMSBURG CITY/ | ) |
| JAMES CITY COUNTY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION
(Dismissing Civil Action with Prejudice)

Claude Owen Wilson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Wilson's Complaint is entitled, "WRIT OF ATTACHMENT AND EXECUTION," and attached to it is a nonsensical "FINANCING STATEMENT" allegedly filed pursuant to the Uniform Commercial Code. In the "FINANCING STATEMENT," Wilson suggests that the Defendant failed to respond to some documents he sent; therefore Defendant owes him $150,000,000.00. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A and the Court's inherent authority to dismiss frivolous and abusive actions.

This Court must dismiss any action filed by a prisoner if the Court determines the action "is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490

U.S. 319, 327 (1989)). The Court may look to its own records in assessing whether a case is frivolous. *Id.* at 427-28 (citing cases). In this case, the Court looks to the other actions filed by Wilson, which more clearly discuss his frivolous theories for relief hinted at in his current action. *See Wilson v. Unknown*, No. 3:19CV230-HEH, 2019 WL 6257751, at *1 (E.D. Va. Nov. 22, 2019); *see also Wilson v. Breckon*, 3:19CV913 (E.D. Va. 2019).

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Wilson's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)). Wilson's suggestion that he is entitled to compensation for his allegedly wrongful incarceration emanates from Redemptionist theory,[1] which the courts have universally rejected as having no basis in the law. *See Tirado v. New Jersey*, No. 10–3408 (JAP),

---

[1] Redemptionists contend that in 1933 the United States went bankrupt upon leaving the gold standard. *See Monroe v. Beard*, No. 05-04937, 2007 WL 2359833, at *2 (E.D. Pa. Aug. 16, 2007); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008). In order to satisfy its debts, the United States leverages its citizenry as collateral, using birth certificates and Social Security numbers to create a contract with the incoming populace. *Monroe*, 2007 WL 2359833, at *2. These documents have the effect of creating a dual personality within each person that consists of a real person and a "strawman," the fictitious corporate entity created by the United States. *Id.*

Those who subscribe to Redemptionism claim that the United States only has jurisdiction on the strawman, not the flesh-and-blood human. Additionally, when each United States citizen is born, an "exemption account" is created for each person, a virtually bottomless well of money identified by the person's Social Security number. *Id.* At the heart of Redemptionist theory lies the belief that, by filing certain financial documents, citizens can "redeem" themselves and acquire an interest in the fictional person created by the government, and, consequently, the profits derived from the strawman's use. *Id.*; *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

2

2011 WL 1256624, at *4–5 (D.N.J. Mar. 28, 2011) (concluding inmate's Redemptionist argument had "no legal basis"); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 n.8 (D. Conn. 2010); *Bryant*, 524 F. Supp. 2d at 760 (referring to arguments as "clearly nonsense"). Wilson's theory—that he can impugn his conviction and receive compensation simply filing documents reciting frivolous legal theories—is no exception. *See Ferguson-El v. Virginia*, 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011) (declaring inmate's Redemptionist-based argument for his release "legally frivolous"). Accordingly, the action will be dismissed as frivolous. Wilson's outstanding motions (ECF Nos. 5, 7, 9, 10) will be denied. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                               /s/  
                             HENRY E. HUDSON  
Date: June 5, 2020          SENIOR UNITED STATES DISTRICT JUDGE  
Richmond, Virginia